J. A06008/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| TIMOTHY ALLEN ROWBOTTOM | : | |
| | : | |
| Appellant | : | |
| | : | No.1009 MDA 2015 |

Appeal from the Judgment of Sentence April 21, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0000725-2014

BEFORE: LAZARUS, J., STABILE, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                    **FILED JUNE 06, 2016**

Appellant, Timothy Allen Rowbottom, appeals from the Judgment of Sentence entered April 21, 2015.  After careful review, we affirm on the basis of the trial court's Opinion, in which the trial court found that (i) Appellant failed to establish that the allegedly exonerating evidence now in his possession was after-discovered evidence he could not have obtained prior to trial using reasonable diligence; (ii) the trial court properly denied Appellant's request for a continuance; and (iii) Appellant failed to preserve any objection to the investigating detective's testimony at trial.

The trial court's Rule 1925(a) Opinion includes a thorough and complete narrative of the facts and procedural history in this case, and we

adopt its recitation for purposes of this Appeal. *See* Trial Court Opinion, filed 10/6/15, at 1-6. We summarize as follows.

Appellant was charged with one count of Theft by Receiving Stolen Property[1] after an eight-foot fiberglass rooster statue was recovered from a warehouse building that served as Appellant's residence and place of business. *Id.* at 3-4. The owner of a local restaurant and bar had reported the rooster stolen from the rear parking lot in late December of 2011. *Id*. At trial, Appellant's former wife testified that Appellant told her he paid someone $100 to steal the rooster from a bar. *Id.* at 4-5.

On April 14, 2015, a jury in the Dauphin County Court of Common Pleas convicted Appellant of Theft by Receiving Stolen Property. On April 21, 2015, the Honorable Richard A. Lewis sentenced Appellant to a $1,500 fine and twenty-four months of intermediate punishment consisting of a combination of work release, house arrest, and probation.

Appellant filed a Post-Sentence Motion for a New Trial Pursuant to Pa.R.Crim.P. 720(C) and a Motion to Stay Execution of Sentence on May 20, 2015. Appellant requested a new trial, claiming to have a newly-discovered receipt that purported to prove he purchased the rooster. On June 2, 2015, Judge Lewis denied Appellant's Post-Sentence Motion.

Appellant filed a Notice of Appeal on June 11, 2015. Upon Judge Lewis's Order, Appellant filed a Pa.R.A.P. 1925(b) Statement raising ten

---

[1] 18 Pa.C.S. § 3925(A)

errors. In his Brief to this Court, Appellant has re-worded his claims into the following three issues:

1. In a trial for Theft By Receiving Stolen Property, where it was discovered for the first time after trial that the defendant's accountant had a receipt for the purchase of the alleged stolen property (thereby making him a *bona fide* purchaser for value) and where the receipt for the rooster statue from his accountant was unavailable due to the accountant's various health-related issues, did the trial court err in denying Rowbottom's post-sentence motion for a new trial on after-discovered evidence?

2. When the defendant immediately, prior to trial, complained in open court that he was feeling "little foggy" that he didn't "really feel comfortable proceeding" due to following his doctor's post-surgery orders to take a narcotic opioid for pain, where he complained that he was not of full cognitive function due to this, where there was no finding at the time of trial that his request for delay would prejudice the government, and where the record is devoid of any questioning by the Court as to the nature, the extent or the existence of any impairment, did the trial court err in denying a continuance when Rowbottom could not participate fully in his own defense with a clear mind?

3. In a jury trial case where an experienced prosecutor asked an experienced detective "Did he provide any explanation at all [as to where he got the rooster statue]?" and where the experienced detective answered "...he told us that he had been in contact with his attorney and he was advised to surrender himself but not talk to us. So we didn't question him any further" and then later in the prosecutor's closing argument that prosecutor repeatedly referenced that post- arrest silence, did the trial court err in not granting the objection of trial counsel and by allowing into evidence those statements and references to his post- arrest federal and state constitutional rights against self-incrimination.

Appellant's Brief at 6-8.

We begin our review by considering the timeliness of Appellant's Post-Sentence Motion and Notice of Appeal. ***See generally Commonwealth v. Trinidad***, 96 A.3d 1031, 1033-35 (Pa. Super. 2014) (discussing timeliness

requirements for a Post-Sentence Motion and Notice of Appeal). Ordinarily an appellant must file a Post-Sentence Motion within ten days of the imposition of sentence. **See id.** at 1034. **See also** Pa.R.Crim.P. 720(A)(1). However, this Court has held that a Post-Sentence Motion filed more than ten days after sentencing will nonetheless be considered timely where Appellant is "**alleging** after-discovered evidence pursuant to Rule 720(C)[.]" **See Trinidad**, 96 A.3d at 1034 (emphasis added).

In the instant case, Appellant filed his Post-Sentence Motion more than ten days after his sentence was imposed. Importantly, however, Appellant's Motion raised an after-discovered evidence claim pursuant to Rule 720(C), requesting a new trial on the grounds he had discovered a receipt that would prove the rooster was purchased, not stolen. Although Appellant's after-discovered evidence may ultimately fail on the merits, we agree with the trial court's determination that Appellant's allegation of newly discovered evidence makes this appeal timely. **See** Trial Court Opinion, at 12.

In his first issue, Appellant argues that the trial court erred in denying him a new trial based on the newly discovered evidence of a receipt purporting to prove Appellant was a *bono fide* purchaser. Although we agree with Appellant that the alleged receipt for the purchase of the rooster statute could persuade the fact-finder that there was no fowl play, we nonetheless find Appellant is not entitled to relief on this issue.

To prevail on a motion for a new trial on the basis of after-discovered evidence, Appellant was required to produce admissible evidence, discovered after trial, that:

> (1) could not have been obtained prior to the end of trial with the exercise of reasonable diligence; (2) is not merely corroborative or cumulative evidence; (3) is not merely impeachment evidence; and (4) is of such a nature that its use will likely result in a different verdict on retrial.

**Commonwealth v. Lyons**, 79 A.3d 1053, 1068 (Pa. 2013) (citation omitted). As the reviewing court, "this Court affirms unless the determination constitutes abuse of discretion." **Id.**

Based on our review of the record, the arguments presented by Appellant, and the relevant case law and statutes, we agree with the trial court that Appellant failed to establish that the evidence was in the nature of **after**-discovered evidence. **See** Trial Court Opinion, at 10-14. Appellant was aware of the receipt prior to trial and knew that his accountant had the receipt in his possession. **Id.** at 14. Moreover, Appellant failed to exercise due diligence in obtaining the receipt. **Id.** at 14-16. Even if we were to accept Appellant's assertion that his accountant's illness made him unavailable in the three months prior to trial, Appellant presents no evidence which would explain why he was not able to obtain the receipt in the nine months between when he was charged with theft and when his accountant's illness rendered him unavailable. **Id.**

Accordingly, we grant no relief on this issue. Furthermore, as the trial court has thoroughly addressed the issue in its opinion, we adopt the trial court's discussion as dispositive of Appellant's claim. *Id.* at 10-16.

In his second issue, Appellant argues that the trial court should have granted his motion for a continuance when Appellant informed the court that he was on opioid pain medication and therefore did not feel comfortable proceeding. "It is well settled that the grant of a continuance rests within the sound discretion of the trial court and that the decision to deny the continuance will not be reversed unless a clear abuse of discretion is shown." *Commonwealth v. Melendez*, 474 A.2d 617, 619 (Pa. Super. 1984) (footnote and citation omitted).[2] *See also* Pa.R.Crim.P. 106(D) (governing continuance requests by a defendant).

Based on our review of the record, the arguments presented by Appellant, and the relevant case law and statutes, we find no abuse of discretion in the trial court's denial of a continuance. As the trial court notes, although Appellant had advance notice that he would be taking narcotics, Appellant waited until the morning of trial to request a continuance. *See* Trial Court Opinion, at 6-8. Furthermore, the trial court

---

[2] In *Melendez, supra,* at 619, this Court affirmed a trial court's denial of a continuance where the appellant, suffering from heroin withdrawal, requested a continuance the day before trial. *Id.* In that case, the trial court was able to observe the appellant's testimony and demeanor and determined that she was "able to participate knowingly and intelligently" in spite of her claims that the heroin withdraw was causing physical illness and cognitive impairment. *Id.*

was able to observe Appellant prior to jury selection, and found that the answers Appellant gave to questions on the record "leave no doubt that he clearly understood" the proceedings. *Id.* As the trial court has thoroughly addressed the issue in its opinion, we adopt the trial court's discussion as dispositive of Appellant's claim.

In his final issue, Appellant's Brief to this Court argues that the trial court improperly permitted the Commonwealth and its witnesses to discuss Appellant's post-arrest silence. This claim does not explicitly appear anywhere in Appellant's Rule 1925(b) Statement. Instead, as best as this Court can determine, Appellant attempted to raise this claim in his Rule 1925(b) Statement with the following language: "The court erred with respect to the testimony at N.T. 61; see also N.T. 80:4-11."

Our Supreme Court has held that "[a]ny issues not raised in a [Rule] 1925(b) statement will be deemed waived." *Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005) (quoting *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998). Similarly, issues that are only generally raised in an overly broad Rule 1925(b) Statement will be deemed waived. *See also* Pa.R.A.P. 1925(b)(4)(ii) ("The [1925(b)] Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge."). A Rule 1925(b) statement "which is too vague to allow the court to identify the issues raised

on appeal is the functional equivalent of no [Rule 1925(b)] Statement at all." ***Lineberger v. Wyeth***, 894 A.2d 141, 148 (Pa. Super. 2006).

In the instant case, the trial court reviewed the section of the record at issue, but was not able to determine with any specificity the basis for Appellant's objection to the testimony at issue. The trial court opined in its Rule 1925(a) Opinion that this issue is waived, and, therefore, did not substantively address the issue. Based on our independent review of the record, the arguments presented by Appellant, and the relevant case law and statutes, we agree with the trial court that Appellant failed to preserve this issue for our review. ***See*** Trial Court Opinion, at 8-9. Furthermore, the trial court has thoroughly addressed the issue of waiver in its opinion, and we adopt the trial court's discussion as dispositive of Appellant's claim. ***See id.*** Accordingly, no relief is due.

Therefore, after a careful review of the parties' arguments, and the record, we affirm on the basis of the trial court Opinion.

The parties are instructed to attach a copy of the trial court's opinion to all future filings.

J. A06008/16

Judgment of Sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/6/2016